# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Joseph G. Rosania, Jr.

In re:

JESSICA SUZANNE ORINGER,
SSN:  xxx-xx-2184,

Case No. 25-16192-JGR
Chapter 7

Debtor.

## OPINION AND ORDER AFTER ORAL RULING

THIS MATTER is before the Court on the alleged violation of the automatic stay in the bankruptcy case of Jessica Suzanne Oringer ("Debtor") by the Debtor's ex-spouse, Daniel Burnum ("Burnum"), and his attorney, Jamie Madler ("Madler").  The dispute arises from a marital dissolution action pending in the District Court of El Paso County, Case No. 2020DR31325 ("Divorce Case").   Specifically, Burnum seeks to enforce a hold harmless provision with respect to a student loan claim in the approximately amount of $3,600.   The dispute has generated an inordinate amount of filings in this bankruptcy case.

On February 17, 2026, the Court issued an Oral Ruling finding that Burnum and Madler willfully violated the automatic stay arising under 11 U.S.C. § 362(a).  This Opinion and Order is issued pursuant to Fed.R.Civ.P. 52 as incorporated by Fed.R.Bankr.P. 7052.

## PROCEDURAL BACKGROUND

On December 12, 2025, the Debtor filed a 6-page Motion for Sanctions for Willful Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362(k) with 88 pages of exhibits attached (Doc. 25) ("Sanctions Motion").

On December 22, 2025, the Debtor filed a 4-page Supplement to Motion for Sanctions for Willful Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362(k) with a 3-page exhibit attached (Doc. 35) ("Supplement").

On December 30, 2025, the Debtor filed a 7-page Notice of Non-Response and Request for Forthwith Entry of an Order Granting Sanctions Pursuant to 11 U.S.C. § 362(k) with a 4-page exhibit (Doc. 38) ("Notice of Non-Contested Matter").

On January 8, 2026, the Debtor filed a 12-page Second Supplement to Motion for Sanctions for Willful Violations of the Automatic Stay (§ 362) and the Discharge Injunction (§ 524) with 16 pages of exhibits (Doc. 43) ("Second Supplement").

On January 23, 2026, Burnum filed a 3-page Response to Motions for Sanctions for Alleged Violation of the Automatic Stay with 26 pages of exhibits (Doc. 48) ("Burnum's Response").

On January 23, 2026, Madler filed an 11-page Response to Motion For Sanctions For Willful Violation of Stay, Filed by Debtor on December 12, 2025 (Doc. 25); Supplement to the Motion Filed December 22 2025 (Doc. 35); and Response to Debtor's Notice of Non-Response and Request for Forthwith Entry of Order Granting Sanctions, Filed December 30, 2025 (Doc. 38), and Debtor's Second Supplement To Motion for Sanctions Filed January 8, 2026 with 41 pages of exhibits (Doc. 43) ("Madler's Response").

On February 6, 2026, Debtor filed a 49-page Combined Reply to Respondents' Responses to Motion for Sanctions with 58 pages of exhibits (Doc. 50) ("Debtor's Reply").

The exhibits included with the various filings were sometimes duplicative. For ease of reference, they are described as follows:

**Divorce Case Filings**

- Separation Agreement filed on August 31, 2020

- Decree of Dissolution of Marriage entered on October 21, 2020

- Order Adopting Stipulation Regarding the Termination of Maintenance as an Order of the Court entered February 22, 2024

- Amended Verified Motion and Affidavit for Contempt Citation filed on February 20, 2025

- Order to Issue Citation and Citation to Show Cause Regarding Respondent's Motion filed on February 20, 2025 entered on March 13, 2025

- Support Order entered February 25, 2025

- Memorandum of Understanding filed June 25, 2025

- Order Granting Memorandum of Understanding entered June 26, 2025

- Respondent's Ex Parte Motion and Affidavit for Issuance of Contempt Citation Pursuant to C.R.C.P. 107 filed November 5, 2025

- Order to Issue Citation and Citation to Show Cause Regarding Respondent's Motion filed on November 5, 2025 entered on November 12, 2025

- Motion to Dismiss the contempt citation filed November 12, 2025

- Response and Objection to Petitioner's Motion to Dismiss filed November 26, 2025

2

- Petitioner's Renewed Motion to Dismiss Contempt Citation and Request for Sanctions dated November 28, 2025

- Case Management Re Court Appearance Setting Advisement Hearing on January 5, 2026 entered on December 10, 2025

- Transcript of January 5, 2026 Advisement Hearing

- Response to Petitioner's Renewed Motion to Dismiss Contempt Citations filed January 7, 2026

- Order Denying Petitioner's Renewed Motion to Dismiss Contempt Citations and Request for Sanctions entered on January 16, 2026

**Communications**

- Correspondence from FirstMark Services to Burnum dated March 22, 2021 regarding transfer of loan servicing

- Text messages between Burnum and the Debtor dated February 6, 2023 and correspondence from FirstMark Services regarding cosigner

- Email from Burnum to Debtor dated October 17, 2025 regarding bankruptcy filing

- Correspondence from FirstMark Services to Burnum dated October 23, 2025 regarding a past-due balance on Debtor's student loan.

- Billing statement dated October 24, 2025 from FirstMark Services to Burnum reflecting a past-due balance on Debtor's student loan.

- Emails between Burnum and the Debtor on December 10, 2025 regarding outstanding medical bills for children

**Other**

- Debtor's Medical Records from December 30, 2025

### FINDINGS OF FACT

The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on September 25, 2025. Included in the unsecured debts listed by the Debtor was a claim in favor of "Fm/Svcd Trst" in the amount of $3,629 ("Student Loan"). The Debtor attended her Section 341 Meeting of Creditors on October 30, 2025, and entered into a stipulation with the Chapter 7 Trustee to turnover copies of her 2025 Federal and State income tax returns. The Debtor received her Order of Discharge on January 5, 2026.

The Debtor did not list Burnum or Madler as creditors in her Bankruptcy Schedules. She did not list the prior marital dissolution action in her Statement of Financial Affairs. Burnum was not listed as a co-debtor on the Student Loan. Burnum and Madler did not receive formal notification of the Debtor's bankruptcy filing.

Nevertheless, Burnum discovered the bankruptcy filing as evidenced by email correspondence with the Debtor dated October 17, 2025. Without first obtaining relief from the automatic stay, Burnum instructed Madler to file a motion seeking the issuance of a contempt citation in the Divorce Case.

The Motion and Affidavit for Issuance of Contempt Citation ("Contempt Motion") filed in the Divorce Case on November 5, 2025, alleged: "Upon [Debtor] being relieved of her financial obligation via her bankruptcy, [Burnum] will be solely liable for the debt, which [Debtor] has failed to protect him from. This is a violation of [Debtor's] requirement to indemnify and hold [Burnum] harmless." The Contempt Motion attached a copy of the Debtor's Bankruptcy Petition, Schedules, and Statement of Financial Affairs evidencing Burnum and Madler had actual notice of the Debtor's bankruptcy case.

Burnum and Madler did not seek relief from the automatic stay in the Debtor's bankruptcy case prior to filing the Contempt Motion.

Through the Contempt Motion, Burnum sought to enforce the indemnification provision in the separation agreement with respect to the Student Loan through the imposition of punitive and remedial contempt. Paragraph 10(d) of the motion stated: "[Debtor] may purge the remedial contempt by immediately complying with the Separation Agreement by paying off or refinancing the loan to remove [Burnum] and provide documentation of the same."

In the Divorce Case, the Debtor moved to dismiss the Contempt Motion, which was opposed by Burnum and attorney Madler. Thereafter, the Debtor renewed her motion to dismiss and by separate communication, demanded the withdrawal of the Contempt Motion.

An advisement hearing on the Contempt Motion was set for January 5, 2026, in the Divorce Case.

The Debtor filed her Sanctions Motion on December 12, 2025, alleging the filing and prosecution of the Contempt Motion violated the automatic stay. Notice of the filing of the Sanctions Motion was provided to Burnum and Madler pursuant to L.B.R. 9013-1 with an objection date of December 26, 2025.

On December 22, 2025, the Debtor filed the Supplement alleging additional violations of the automatic stay occurred when Burnum demanded the payment of a proportionate share of their children's medical expenses in an email dated December 10, 2025.

On December 30, 2025, the Debtor filed a Notice of Non-Contested Matter after Burnum and Madler failed to timely file an objection to the Sanctions Motion. The Debtor requested the entry of a proposed order seeking actual damages in the amount of

4

$1,162.22, and punitive damages in the amount of $14,000, to be awarded against Burnum and Madler, jointly and severally and a declaration that the contempt proceeding in the Divorce Case is void *ab initio*.

The Debtor asserted punitive damages were warranted because Burnum and Madler refused to withdraw the Contempt Motion, which included a request to have the Debtor incarcerated for violating the separation agreement.

At the advisement hearing in the Divorce Case held on January 5, 2026, the state court set a trial on the Contempt Motion for March 31, 2026. At the hearing, Madler argued the remedial contempt could continue because the relief sought was removal of Burnum as a cosigner on the Student Loan.

On January 8, 2026, the Debtor filed the Second Supplement, largely raising defenses to the Contempt Motion, but alleging additional damages from the stay violation for medical treatment.

This Court held a telephonic preliminary hearing on the Debtor's Sanctions Motion, Supplement, and Second Supplement on January 13, 2026. At the hearing, the Court set deadlines of January 23, 2026, for Burnum and Madler to file responses to the Debtor's request for sanctions and February 6, 2026, for the Debtor to reply.

Burnum filed his response on January 23, 2026. Burnum argued his actions in seeking contempt were not attempts to collect a debt because he merely sought compliance with the parties' separation agreement which required him to be removed as a cosigner on the Student Loan. He characterized the demand for payment of the Debtor's proportional share of the children's medical expenses as court ordered medical care.

Madler filed her response on January 23, 2026. Like Burnum, Madler argues the bankruptcy stay does not prevent seeking the Contempt Motion as it is not an attempt to collect a debt but only seeks compliance with the indemnification provision contained in the separation agreement. She also characterizes the communication between Burnum and the Debtor as ongoing support reimbursements related to their children.

## ANALYSIS

The filing of the Debtor's Bankruptcy Petition on September 25, 2025, triggered the automatic stay provision of 11 U.S.C. § 362(a). 11 U.S.C. § 362(a)(1) prevents

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

"The automatic stay under 11 U.S.C. § 362(a) should be broadly construed in favor of the Debtor and exceptions thereto should be applied narrowly." *Gazzo v. Ruff (In re*

*Gazzo)*, 505 B.R. 28, 35 (Bankr. D. Colo. 2014).  "The determination of whether the automatic stay applies to any given activity or property is to be made in the first instance by the bankruptcy court, not by a creditor or its attorney." *In re Gagliardi*, 290 B.R. 808, 814 (Bankr. D. Colo. 2003).  The Colorado Supreme Court notes "the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor." *Weis v. Weis*, 232 P.3d 789, 793 (Colo. 2010).

The analysis of whether there has been a violation of the automatic stay begins with identifying whether the action in question is excepted from the automatic stay.

Statutory exceptions to the automatic stay are set forth in 11 U.S.C. § 362(b). There are two exceptions relevant here.  First, pursuant to subsection (b)(2)(B), the automatic stay does not prevent the collection of a domestic support obligation from property that is not property of the estate.  In this context, a domestic support obligation is "a debt to or recoverable by . . . a former spouse . . . in the nature of alimony, maintenance, or support . . . ." 11 U.S.C. § 101(14A).  Second, 11 U.S.C. § 362(b)(1) provides that the automatic stay does not prevent the commencement or continuation of a criminal action or proceeding against the debtor.

The Debtor identifies two alleged violations of the automatic stay.  One concerns the demand for payment of a portion of their children's medical expenses.  The second complains of the filing of the Contempt Motion and its continued prosecution in the Divorce Case.

The communications from Burnum to the Debtor regarding reimbursement of medical expenses for their children does not violate the automatic stay as it relates to domestic support obligations not payable from property of the estate, therefore excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(2)(B).

However, the Contempt Motion seeks punitive and remedial contempt.

With respect to the remedial contempt, Burnum and Madler argue that seeking enforcement of the hold harmless agreement is not subject to the automatic stay because they are not acting as a creditor seeking to collect a debt.  In his response, Burnum argues:

> The automatic stay only applies to actions taken by a creditor to collect or recover a claim against a debtor.  A claim is defined as a right to payment.  [Burnum] does not hold the claim against [Debtor], has never asserted a right to payment, and is not listed as a creditor in [Debtor's] bankruptcy case. [Burnum's] status as a co-obligor on a private student loan does not transform him into a creditor.

Similarly, Madler claims "the bankruptcy stay does not apply to Debtor's remedial contempt as it not a creditor action to collect a debt."

The argument is not persuasive.   Burnum and Madler are attempting to use remedial contempt coupled with the punitive request to enforce a claim against the Debtor.

The separation agreement allocated the payment of the Student Loan to the Debtor.  The assignment of financial responsibility for the underlying obligation creates a debt from the Debtor to Burnum.  *See, e.g. Wodark v. Wodark (In re Wodark)*, 425 B.R. 834, 837-38 (B.A.P. 10th Cir. 2010) (finding debtor's assumption of third-party obligation was a debt to former spouse even in the absence of an express hold harmless agreement.)

The Contempt Motion is not excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(1).  In examining whether the Contempt Motion is subject to the automatic stay, *Weis* is instructive.

> The Supreme Court of Colorado found however that "[a] key aspect to determining if a contempt proceeding is civil is whether the debtor may 'mitigate or avoid punishment by taking action consistent with' the court's order." The Court further found that "[i]f the order simply 'incarcerates a party for a definite period of time or imposes another penalty, without any provision for purge of the contempt, [and] does not serve to redress a private right,' it is a criminal contempt order."
>
> In *Weis*, the Supreme Court of Colorado concluded that an order for contempt for failure to pay a domestic court obligation was remedial or civil in nature when a proceeding is "designed to force payment to a third party, rather than to uphold the dignity of the court[,]" and when the contemnor could purge the contempt citation by performance in accordance with a court order.  Furthermore, the *Weis* Court concluded that "[a] civil, or remedial, contempt proceeding -- such as one involving a sanction that can be purged -- is subject to the [automatic] stay [under bankruptcy]." Importantly, the Court held that "a creditor cannot turn enforcement actions into a criminal matter merely by requesting punitive sanctions . . . [,]" further rationalizing that "[i]f that were the case, any creditor could avoid the automatic stay's limitations merely by adding a request for punitive sanctions to a request for remedial sanctions."

*Gazzo v. Ruff (In re Gazzo)*, 505 B.R. 28, 39-40 (Bankr. D. Colo. 2014).

The filing of the Contempt Motion in the Divorce Case was designed to force the removal of Burnum as a cosigner on the student loan rather than to uphold the dignity of the court and is a violation of the automatic stay.

11 U.S.C. § 362(k)(1) provides "an individual injured by any willful violation of a stay provided in this section shall recover actual damages, including costs and attorney's fees, and in appropriate circumstances, may recover punitive damages.

In order for a violation to be "willful," evidence of specific intent to violate the stay is not required. Violations are "willful" if the party knew of the automatic stay and intended to take the actions that violated the stay.  *Gagliardi*, 290 B.R. at 818.  "[I]n order to demonstrate a violation of § 362(k)(1), the debtor bears the burden of establishing, by a preponderance of the evidence, that the creditor knew of the automatic stay and intended the actions that constituted the violation; no specific intent is required." *Johnson v. Smith (In re Johnson)*, 501 F.3d 1163, 1172 (10th Cir. 2007).

Burnum and Madler knew of the bankruptcy filing and continued to prosecute the Contempt Motion after being advised of the automatic stay.  Damages for the violation are mandatory under 11 U.S.C. § 362(k)(1).

This does not mean that Burnum cannot now proceed to enforce the hold harmless agreement.  In a chapter 7 case, which is by statute on a fast track, the automatic stay can be viewed as a temporary injunction against collection activities arising upon the filing of the bankruptcy case.  Pursuant to 11 U.S.C. § 362(c)(2)(C), the automatic stay remains in effect as to actions against an individual debtor until the granting or denial of discharge.  If discharge is granted, the temporary injunction of the automatic stay converts to a permanent discharge injunction pursuant to 11 U.S.C. § 524(a).

Claims arising from a marital dissolution fall into two general categories: support obligations and property settlements. Domestic support obligations are automatically excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).  Other marital obligations that are not domestic support obligations are excepted from discharge in cases filed under chapter 7 pursuant to 11 U.S.C. § 523(a)(15).

The Debtor received her Order of Discharge on January 5, 2026, terminating the automatic stay.  The obligation to remove Burnum as a cosigner is excepted from discharge and can now be enforced.  A ruling on the Contempt Motion was not issued in the Divorce Case prior to January 5, 2026.  Because remedial contempt can now be pursued, the Court will not hold that the filing of the Contempt Motion is void *ab initio*. Requiring the re-filing of the Contempt Motion, which can now be pursued, would unduly delay the Divorce Case and unnecessarily increase the costs of litigation.

Burnum and Madler violated the automatic stay of 11 U.S.C. § 362(a) by filing the Contempt Motion in the Divorce Case, which included a request for remedial contempt, without obtaining relief from stay pursuant to 11 U.S.C. § 362(d) and prior to the entry of the Debtor's Order of Discharge terminating the automatic stay under 11 U.S.C. § 362(c)(2)(C).  The violations by Burnum and by Madler were willful, mandating sanctions, jointly and severally, pursuant to 11 U.S.C. § 362(k)(1).

An in-person evidentiary hearing is scheduled for **Wednesday, April 22, 2026,** commencing at **9:30 a.m., in Courtroom B**, U.S. Bankruptcy Court, U.S. Custom House,

721 19th Street, Denver, Colorado 80202 to consider damages under 11 U.S.C. § 362(k)(1).

Witness and Exhibits.  L.B.R. 9070-1 applies to this matter.  Lists of witnesses and exhibits and the exhibits must be filed with the Court and exchanged on or before **April 15, 2026.**

Dated this 18th day of ___February___, 2026.

BY THE COURT:

Joseph G. Rosania, Jr.
United States Bankruptcy Judge